# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **GARY MEUTH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. H-06-0118** |
| | § | |
| **J-M MANUFACTURING COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Quash the Depositions of Jeff Hsu and Susan Welch (Doc. #14). For the reasons set forth below, the motion is **DENIED**.

Defendant moves to quash Ms. Welch's deposition for reasons of convenience, as Mr. Hsu's and Ms. Welch's depositions were to be taken on the same day. However, the parties represented to the Court that they have resolved this matter, therefore the motion to quash Susan Welch's deposition is **DENIED AS MOOT**.

Defendant moves to quash the deposition of Mr. Hsu on the ground that he requires an interpreter of Mandarin Chinese at the deposition, an assertion that Plaintiff disputes. Mr. Hsu is a native of Taiwan who has lived in the United States since 1978, though not continuously.

A deponent is entitled to an interpreter if the Court determines that the person "speaks only or primarily a language other than the English language" and that the person's lack of English fluency will "inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer, or so as to inhibit such witness' comprehension of questions and the presentation of such testimony." 28 U.S.C. § 1827(d)(1).

Here, Defendant has provided no evidence that Mr. Hsu would be unable to understand the proceedings, communicate with counsel, or comprehend questions if the deposition were conducted without an interpreter. In fact, Plaintiff has provided evidence to the contrary in the form of a letter written by Mr. Hsu in English that documented conversations he had with employees in English, as well as evidence that Mr. Hsu gave a sworn statement to federal investigators in English without the aid of an interpreter. On this record, the Court cannot order that an interpreter be provided for Mr. Hsu's deposition. Thus, Defendant's motion to quash Mr. Hsu's deposition is **DENIED**.

However, the Court orders that Mr. Hsu's deposition be videotaped, and if, after the deposition, Defendant feels that Mr. Hsu was seriously disadvantaged because of the lack of an interpreter, Defendant may submit the videotape to the Court for review.

**IT IS SO ORDERED**.

**SIGNED** this 19th day of October, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT